On petition for reconsideration filed July 18, of an opinion filed June 27,* petition for reconsideration allowed; former opinion modified and adhered to as modified November 22, 2002

## In re Complaint as to the Conduct of

## JOHN P. DAVENPORT,
*Accused.*

## (OSB 97-138; SC S47245)

57 P3d 897

Marc D. Blackman, of Ransom Blackman LLP, Portland, filed the petition for reconsideration for the accused.

No appearance *contra.*

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

PER CURIAM

---

\* Review of the decision of a trial panel of the Disciplinary Board. 334 Or 298, 49 P3d 91 (2002).

\*\* De Muniz and Balmer, JJ., did not participate in the consideration or decision of this case.

## PER CURIAM

In *In re Davenport*, 334 Or 298, 49 P3d 91 (2002), this court held that, in addition to three other disciplinary rules, the accused had violated Code of Professional Responsibility Disciplinary Rule (DR) 1-102(A)(2) (criminal act that reflects adversely on lawyer's honesty, trustworthiness, and fitness to practice law). As the basis for that violation, this court concluded that the accused had violated 18 USC section 1623, which provides that it is a crime for any person knowingly to make a false, material declaration, under oath, in any proceeding before or ancillary to any court of the United States. In accordance with its conclusions respecting the accused's violations, this court suspended the accused from the practice of law for two years.

The accused timely petitioned this court for reconsideration. We allow his petition for reconsideration to correct the court's discussion of materiality as it relates to 18 USC section 1623. In all other respects, we adhere to the former opinion, including the conclusions respecting the accused's violations and the sanction.

In defining the term "material" for purposes of 18 USC section 1623, this court stated:

> "In the context of a deposition or similar examination, the Ninth Circuit generally has concluded that a false declaration is material under 18 USC section 1623 if a truthful answer 'is relevant to any subsidiary issue under consideration' and the false declaration had a 'natural tendency to influence, or was capable of influencing,' the decision-making body to which it was addressed. *See U.S. v. Clark*, 918 F2d 843, 846 (9th Cir 1990) (setting out that standard under 18 USC section 1621, for purposes of civil deposition), *overruled on other grounds by U.S. v. Keys*, 95 F3d 874 (9th Cir 1996); *United States v. Rahman*, Nos 91-10364, 91-10365, 91-10376, 91-10416, 1992, WL 363672 at *3 (9th Cir Dec 9 1992) (applying *Clark* to deposition for purposes of 18 USC section 1623)."

334 Or at 316. In his petition for reconsideration, the accused disputes the first part of that statement, that is, that an

answer must be "relevant to any subsidiary issue under consideration" to be material. *Id.* (internal citations omitted). In disputing that statement, the accused criticizes this court's citation to *Rahman,* which is an unpublished decision, because Ninth Circuit Local Rule 36-3 does not permit courts within that circuit to cite unpublished dispositions. In addition, the accused argues that only the latter part of the court's statement sets out the correct test for whether a false statement is "material" under 18 USC section 1623: A false statement is "material" if it has "a natural tendency to influence, or was capable of influencing, the decision-making body to which it was addressed." *Davenport,* 334 Or at 316 (internal citations omitted); *see United States v. Gaudin,* 515 US 506, 509, 115 S Ct 2310, 132 L Ed 2d 444 (1995) (so stating).

Although Ninth Circuit Local Rule 36-3 is not binding upon this court, we agree, as a matter of comity, to withdraw the citation to *Rahman.* We also agree that, to determine if a false statement is "material" for purposes of 18 USC section 1623, the proper inquiry focuses upon whether the false statement has "a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." *Gaudin,* 515 US at 509 (internal citations omitted). That clarification, however, does not alter the court's conclusion that the accused violated 18 USC section 1623, because the court determined that the accused knowingly made false statements that "were capable of influencing the decision-making process[.]" 334 Or at 317. Accordingly, we adhere to the holding that the accused violated DR 1-102(A)(2).

The petition for reconsideration is allowed. The former opinion is modified and, as modified, is adhered to.